THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RENE L. LARSON and JERROLD A. LARSON,

Plaintiffs,

v.

REGIONAL TRUSTEE SERVICES CORPORATION,

Defendant.

CASE NO. C11-0206-JCC

ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. No. 46). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and grants the motion for the reasons explained herein.

**I. BACKGROUND**

Plaintiffs filed a Complaint against Defendant Regional Trustee Services Corporation (Regional) in February 2011 and an Amended Complaint in March 2011, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. (Dkt. Nos. 1, 5.) According to Plaintiffs' Amended Complaint, Regional had sent Plaintiffs Notices of Default on their home loan but failed to confirm the validity of the debt as required by the FDCPA. (Dkt. No. 5 at 3.) Regional moved to dismiss the Amended Complaint for failure to state a claim,

arguing that it was not acting as a debt collector or engaging in debt collection activity and therefore fell outside the scope of the FDCPA. (Dkt. No. 10 at 2.) The Court granted Regional's motion, explaining that "Plaintiffs nowhere allege facts tending to indicate that Defendant is a 'debt collector' which attempted to collect a 'debt.'" (Dkt. No. 41 at 4.) The Court granted Plaintiffs leave to further amend their Complaint.

Plaintiffs' Second Amended Complaint elaborates on the allegations in the Amended Complaint and refers to eight exhibits, including a Notice of Default on the Plaintiffs' loan, a note secured by a deed of trust for the property, and Plaintiffs' demand for validation of the debt referred to in the Notice of Default. (Dkt. No. 43.) Plaintiffs advance three claims against Regional in the Second Amended Complaint: (1) violation of the FDCPA, (2) violation of the Washington State Deed of Trust Act, RCW 61.24 *et seq.*, and (3) slander of title. (Dkt. No. 43 at 6-7.) Regional moves to dismiss all three claims under Federal Rule of Civil Procedure 12(b)(6). Regional also argues that the claims are barred by res judicata.

**II. DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Although Rule 12(b)(6) does not require courts to assess the probability that a plaintiff will eventually prevail, the allegations made in the complaint must cross "the line between possibility and plausibility of entitlement to relief." *Id.* In reviewing Regional's motion, then, the Court accepts all factual allegations in the Second Amended Complaint as true and draws all reasonable inferences from those facts in favor of Plaintiffs. *See Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). The same deference, however, is not extended to legal conclusions or "mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949-50.

In considering a motion to dismiss under Rule 12(b)(6), a court may consider documents attached to the complaint or to which the complaint "refers extensively." *United States v. Ritchie*,

342 F.3d 903, 908 (9th Cir. 2003). A court may also take judicial notice of publicly recorded documents and may consider such documents without converting a motion to dismiss into a motion for summary judgment. *See Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995). Thus, in evaluating Regional's motion to dismiss, the Court considers the documents attached to Plaintiffs' Second Amended Complaint and other publicly recorded documents offered in support of Regional's motion.

**A. Fair Debt Collection Practices Act**

In re-alleging violations of the FDCPA, Plaintiffs state that Regional's Notice of Default provided that reinstatement monies could be sent directly to Regional at its Seattle office. (Dkt. No. 43 at 3, 13.) Therefore, according to Plaintiffs, Regional was attempting to collect a debt and was subject to the FDCPA. Plaintiffs further allege that although Regional identifies Wells Fargo Bank as the owner of the promissory note associated with Plaintiffs' home loan, Wells Fargo itself was unable to produce a record of the loan upon request by Plaintiffs. (*Id.* at 4, 6, 91-94.) Plaintiffs contend that Regional violated the terms of the FDCPA by failing to verify the loan and nonetheless attempting to collect on it.

As it did in its first motion to dismiss, Regional counters that Plaintiffs' claim under the FDCPA fails because "Regional never attempted to collect any monetary obligation" and was acting solely as the enforcer of a secured interest. (Dkt. No. 46 at 4, 5.) Only one subsection of the FDCPA—15 U.S.C. § 1692f(6)—applies to entities seeking to enforce a security interest, and, according to Regional, Plaintiffs do not allege a violation of that subsection. Regional further states that it did indeed provide verification of the loan to Plaintiffs in a letter dated January 11, 2011, which Plaintiffs attach to their Second Amended Complaint. (Dkt. No. 43 at 47-84.)

The Court is not persuaded that Regional made no attempt to collect any debt and that its conduct therefore fell outside the scope of the FDCPA. The Notice of Default states that Plaintiffs could reinstate their note and deed of trust by tendering money directly to Regional. A

second notice dated November 16, 2010 and attached to the Second Amended Complaint states that Regional "is attempting to collect a debt and any information obtained will be used for that purpose." (Dkt. No. 43 at 39.) Plaintiffs therefore have alleged facts tending to indicate that Regional was acting as a debt collector and was attempting to collect an amount outstanding on their home loan.

Plaintiffs' claim under the FDCPA nonetheless fails because the documents attached to the Second Amended Complaint establish that Regional complied with the provisions of the FDCPA at issue. Under the FDCPA, if a consumer notifies a debt collector that the debt is disputed, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt . . . or the name and address of the original creditor, and a copy of such verification . . . is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). Regional provided this verification and related documentation to Plaintiffs in a letter dated January 28, 2011. (Dkt. No. 43, Ex. F.) Plaintiffs have not alleged any other violation of the FDCPA. Any claim arising out of Wells Fargo's alleged failure to produce documentation of the underlying loan cannot properly be directed at Regional, which provided Plaintiffs with evidence of both the loan and Plaintiffs' failure to meet their obligations under the loan. Plaintiffs' claim under the FDCPA is therefore dismissed.

**B. Deed of Trust Act**

Plaintiffs' second claim is that Wells Fargo's failure to locate any record of their loan undermines the validity of the appointment of Regional as successor trustee. According to Plaintiffs, the issuance of a Notice of Trustee Sale related to their property constitutes a violation of the Washington State Deed of Trust Act "because the beneficiary has clearly not declared a default of the alleged loan of they can't even find any record of it." (Dkt. No. 43 at 7.)

Plaintiffs, however, do not identify any provision of the Deed of Trust Act that Regional's conduct would have violated. Moreover, the Court takes judicial notice of the Appointment of Successor Trustee for the deed to Plaintiffs' property, which was recorded in

Clark County in April 2010, and which memorializes Wells Fargo's status as successor to World Savings Bank, FSB—the beneficiary on Plaintiffs' note and deed of trust—and Regional's status as successor trustee under that deed of trust. (Dkt. No. 47, Ex. C.) Because Plaintiffs have not identified any basis for a violation of the Deed of Trust Act, and because evidence of a valid appointment of Regional as successor trustee is before the Court, Plaintiffs' second claim fails.

**C. Slander of Title**

Plaintiffs' third claim is that the recording of the Notice of Trustee Sale was unauthorized and constitutes slander of title. The first requirement of slander of title is that the statement in question be false. *See Rorvig v. Douglas*, 123 Wash. 2d 854, 859 (1994). Plaintiffs have not alleged that any statement in the Notice of Trustee Sale was false. In particular, Plaintiffs have not alleged that they are current on their loan payments or that they have mistakenly been declared in default. Plaintiffs therefore have failed to state a claim for slander of title.

**D. Res Judicata**

Regional states that Plaintiffs' claims were previously dismissed by the Clark County Superior Court and are therefore barred by the doctrine of res judicata. However, Regional has not provided sufficient basis for this Court to determine whether any or all of the claims in the Second Amended Complaint are, as Regional contends, "essentially identical to the attacks raised in the Complaint and Motion for Summary Judgment" in the Clark County action. (*See* Dkt. No. 46 at 8.) The Court therefore declines to rule on the issue at this time.

## III. CONCLUSION

As the foregoing makes clear, Plaintiffs' allegations against Regional are marked by numerous deficiencies, including the fact that documents attached to their Second Amended Complaint appear to establish (1) that Plaintiffs granted their property to their lender's trustee as security for their home loan and (2) that Plaintiffs are in default on their loan payments. Nonetheless, it is not clear that the defects in the Second Amended Complaint could not possibly be cured through an amended pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)

(in dismissing for failure to state a claim under Rule 12(b)(6), "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts"). The Court therefore grants Plaintiffs leave to file an amended complaint. Plaintiffs are cautioned that any amended complaint that essentially restates the allegations in the Second Amended Complaint will meet with skepticism from the Court.

For the foregoing reasons, Defendant Regional Trustee Services Corporation's Motion to Dismiss (Dkt. No. 46) is GRANTED. Plaintiffs may file an amended pleading no later than December 15, 2011.

DATED this 29th day of November 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE